THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv029

| | |
|---|---|
| KAREN B. COOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Defendant's Motion for Judgment on the Pleadings [Doc. 12].

**I.    PROCEDURAL HISTORY**

Plaintiff Karen B. Cook filed an application for a period of disability and disability insurance benefits on March 16, 2006, and an application for Supplemental Security Income on March 30, 2006, each alleging that she became disabled as of December 4, 2005.  [Transcript ("T.") 102, 107]. Plaintiff's application was denied initially and on reconsideration.  [T. 49-52, 53-56].  A hearing was held before Administrative Law Judge ("ALJ") Emanuel C. Edwards on December 9, 2008.  [T. 19-44].  On February 3, 2009, the ALJ

issued a decision denying the Plaintiff benefits. [T. 8-16]. The Appeals Council accepted additional evidence but denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-4]. Plaintiff has exhausted her available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, see <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), and (2) whether the Commissioner applied the correct legal standards, <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court does not review a final decision of the Commissioner <u>de novo</u>. <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). The Fourth Circuit has defined "substantial evidence" as "more than a scintilla and [doing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401, 91 S.Ct. at 1427).

The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner, even if it disagrees with the Commissioner's decision, so long as there is substantial evidence in the record to support the final decision below. Hays, 907 F.2d at 1456; Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. THE SEQUENTIAL EVALUATION PROCESS

In determining whether or not a claimant is disabled, the ALJ follows a five-step sequential process. 20 C.F.R. §§ 404.1520, 416.920. If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

First, if the claimant is engaged in substantial gainful activity, the application is denied regardless of the medical condition, age, education, or work experience of the applicant. 20 C.F.R. §§ 404.1520, 416.920. Second, the claimant must show a severe impairment. If the claimant does not show any impairment or combination thereof which significantly limits the claimant's physical or mental ability to perform work activities, then no severe impairment is shown and the claimant is not disabled. Id. Third, if the impairment meets

3

or equals one of the listed impairments of Appendix 1, Subpart P, Regulation 4, the claimant is disabled regardless of age, education or work experience. Id. Fourth, if the impairment does not meet the criteria above but is still a severe impairment, then the ALJ reviews the claimant's residual functional capacity (RFC) and the physical and mental demands of work done in the past. If the claimant can still perform that work, then a finding of not disabled is mandated. Id. Fifth, if the claimant has a severe impairment but cannot perform past relevant work, then the ALJ will consider whether the applicant's RFC, age, education, and past work experience enable the performance of other work. If so, then the claimant is not disabled. Id.

## IV. THE ALJ'S DECISION

On February 3, 2009, the ALJ issued a decision denying the Plaintiff's claim. [T. 8-16]. Proceeding to the sequential evaluation, the ALJ found that the Plaintiff's date last insured was March 31, 2006 and that she had not engaged in any substantial gainful activity since December 4, 2005. [T. 10]. The ALJ then determined the following severe impairments: depression/anxiety, substance abuse, hepatitis C, and degenerative joint disease of the left knee. [T. 10]. The ALJ concluded that her impairments did not meet or equal a listing. [T. 12]. He then determined that Plaintiff retained

the residual functional capacity to perform a full range of medium work, limited to routine/simple work only. [T. 13]. He found that Plaintiff was unable to perform her past relevant work. [T. 14]. He found that Plaintiff was a younger individual with a limited education. [T. 28]. Transferability of job skills was not an issue because her past work was unskilled. [T. 15].

At step five, the ALJ applied the Medical-Vocational Guidelines ("the Grids") to conclude that significant work existed in the national economy that Plaintiff could perform. [T. 15]. Accordingly, he concluded that the Plaintiff was not disabled from December 4, 2005 through the date of his decision. [T. 16].

## V. DISCUSSION

Plaintiff argues that the ALJ erred in using the Grids rather than vocational expert testimony as the basis of his finding that work exists that she can perform.

At step five of the sequential evaluation, the burden of proof falls upon the Commissioner to prove that jobs exist that could be performed by persons fitting the claimant's functional and vocational profile. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975). The Commissioner may meet this burden by

5

relying on the Grids or by having a vocational expert testify at the administrative hearing. 20 C.F.R. § 404.1566. The Grids are dispositive of the issue of disability, however, only where the claimant suffers from purely exertional impairments. Aistrop v. Barnhart, 36 F. App'x 145, 146 (4th Cir. 2002) ("If the claimant has no nonexertional impairments that prevent her from performing the full range of work at a given exertional level, the Commissioner may rely solely on the Grids to satisfy his burden of proof."). If the claimant suffers from nonexertional impairments, or from a combination of exertional and non-exertional impairments, then the Grids may be used only as a guide. Id. at 146-47. In such cases, vocational expert testimony must be used to make the disability determination. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985); Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

Of course, "not every nonexertional limitation or malady rises to the level a nonexertional impairment, so as to preclude reliance on the [G]rids." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). Where a nonexertional limitation is present, "[t]he ALJ must inquire as to whether the nonexertional condition affects the claimant's RFC to perform work of which the claimant is exertionally capable." Green v. Astrue, No. 3:10CV764, 2011 WL 5593148, at *9 (E.D. Va. Oct. 11, 2011).

In the present case, the ALJ made a brief, conclusory RFC assessment, finding that Plaintiff had certain, unspecified nonexertional limitations[1] that limited her to "simple/routine work only." [T. 15]. The ALJ went on to conclude that this limitation did not have any significant effect on the occupational base of unskilled medium work available to the Plaintiff. [Id.]. The Defendant argues that the ALJ was correct in this determination and, therefore, the ALJ's reliance on the Grids was proper.

The Defendant's argument must be rejected. The ALJ's decision is devoid of any factual or legal support for his conclusion that the occupational base available to the Plaintiff was not significantly eroded by her nonexertional limitations. While the ALJ indicated that Plaintiff was capable of performing the full range of unskilled work despite her limitations [T. 15], such finding cannot be reconciled with the other findings in his decision. For example, the

---

[1] In making his mental RFC assessment, the ALJ relied on Exhibit 18F, which is a statement of the so called "B criteria" relevant to the determination of the severity of a claimant's impairments at step two. [T. 357]. The assessment of a mental RFC at step four, however, is not an assessment solely of the "B criteria"; it requires a more detailed function-by-function analysis of a claimant's capacity to perform mental work functions. SSR 96-8p at *4. By failing to analyze Plaintiff's capacity on a function-by-function basis, the ALJ's analysis fails to comport with the "careful consideration of the assessment of RFC" required under SSR 85-15. SSR 85-15 at *4.

It is unclear from the ALJ's decision as to whether any exertional limitations were found. The ALJ failed to cite any accepted medical source for his physical RFC determination that Plaintiff can work at the medium exertional level, nor did he explicitly classify the exertional level of Plaintiff's prior work; in the absence of such findings, the Court is unable to determine whether the ALJ found that Plaintiff's impairments caused any exertional limtiations.

ALJ found that Plaintiff was incapable of performing her past relevant work, and that such work was unskilled. The ALJ further noted that even with her nonexertional limitations, the Plaintiff had "a *large base* of unskilled occupations . . . available to her." [Id. (emphasis added)]. These statements seem to contradict the ALJ's conclusion that Plaintiff was capable of performing the *full range* of unskilled work at the medium exertional level.

For these reasons, the Court concludes that the ALJ's reliance on the Grids was error as a matter of law. The ALJ's brief and conclusory RFC assessment offers no basis for a finding that this error was harmless. Accordingly, this case shall be remanded for further proceedings.

Upon remand, the ALJ shall grant a new hearing, obtain vocational expert evidence, and a render a new decision that includes a function-by-function evaluation of Plaintiff's exertional and non-exertional capacities.

## **O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **GRANTED** to the extent that the Plaintiff seeks reversal of the Commissioner's decision denying him disability benefits.

8

To any extent that the Plaintiff seeks an immediate award of benefits, the Plaintiff's Motion [Doc. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 12] is **DENIED**.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**, and this case is hereby **REMANDED** to the Commissioner for further administrative action consistent herewith.

A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: December 27, 2011

Martin Reidinger
United States District Judge